# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**CHEYLA B. GUSMAO,**<br><br>Debtor | Chapter 13<br>Case No. 09-18401-FJB |

### MEMORANDUM OF DECISION ON
### OBJECTION OF CHAPTER 13 TRUSTEE TO CONFIRMATION OF PLAN

In her chapter 13 plan, debtor Cheyla Gusmao proposes a treatment for the secured claim of first mortgage holder Deutsche Bank that would permit her to modify and pay the secured claim in the manner permitted in *In re McGregor*, 172 B.R. 718, 721 (Bankr. D. Mass. 1994), except that, contrary to *McGregor*, the continuing payments on the secured claim would be in an amount less than is required by the underlying promissory note. The chapter 13 trustee, Carolyn Bankowski, objects to confirmation on the basis that the proposed treatment of the secured claim of Deutsche Bank is patently impermissible. In response, the debtor offers no defense for this treatment. Rather, she argues that the divergence of this treatment from the requirements of the Bankruptcy Code is not an obstacle to confirmation because (i) Deutsche Bank should be deemed, by virtue of its alleged failure to object timely to the plan and notwithstanding its "late" objection, to have accepted this treatment, see 11 U.S.C. § 1325(a)(5)(A), and (ii) where Deutsche Bank has accepted its treatment, the trustee lacks standing to interpose the treatment of Deutsche Bank's claim as a basis for objection.

The court rejects the debtor's first argument. Deutsche Bank did timely object to the current iteration of the plan.[1] Its objection to an earlier version of the plan was untimely, but that iteration of

---

[1] The Debtor first proposed the current treatment of Deutsche Bank's claim in a plan filed on August 31, 2009, the same day as her bankruptcy filing. Deutsche Bank objected to this plan on December 14, 2009. Under the local rules of this court, MLBR App. 1, Rule 13-8(a), Deutsche Bank was obligated to file its objection on or before October 31, 2009, the thirtieth day after the first day set for the section 341 meeting of creditors. Before that plan or any of the three objections thereto were adjudicated, the debtor filed an amended plan [doc. #76, filed

the plan is not now before the court. Moreover, in view of Deutsche Bank's objection to the treatment of its secured claim, its failure to object timely to the earlier plan clearly was not indicative of assent. In *In re Flynn*, 402 B. R. 437 (1st Cir. BAP 2009), the Bankruptcy Appellate Panel did not hold—as the debtor urges—that a lack of objection was the equivalent of an assent, only that, assuming proper and adequate notice and service, a secured creditor's failure to object creates a "presumption" of acceptance under 11 U.S.C. § 1325(a)(5)(A). *Id*. at 444. A presumption is rebuttable. Where there is contrary evidence, such as a late-filed objection, a court may justifiably conclude that the secured creditor's earlier silence was not indicative of acceptance. In view of Deutsche Bank's late-filed objection to the original plan and timely objection to the present amended plan, this court does find and conclude that Deutsche Bank has not accepted the proposed treatment of its claim.

Having so concluded, this is not a situation in which the chapter 13 trustee is objecting to the treatment of a secured creditor who has itself accepted the treatment in question. Therefore, I need not determine whether a chapter 13 trustee has standing to object to the treatment of a secured claim where the secured creditor has accepted that treatment. At least in the present circumstances, where the secured creditor has not accepted the plan, the trustee has standing to object to the proposed treatment of the secured claim because that treatment affects her own interests and concerns: the proposed treatment would permit payments on a modified secured claim to be made directly to the secured creditor instead of through her. This arrangement compromises her ability to satisfy her statutory obligation to oversee compliance with the plan and also affects her legitimate interest in compensation, her fee being a percentage of payments made through her. The trustee therefore has standing to assert the present objection.

As noted above, the debtor does not defend her proposed treatment of the secured claim or contend that it is defensible in the face of an objection. The court agrees that the proposed treatment

---

February 10, 2010], rendering the original moot and giving rise to a new thirty day objection period, within which Deutsche Bank filed the present objection.

cannot be approved. It would modify the secured claim but would not pay that claim in full over the life of the plan. *McGregor* sanctions a construction of certain provisions of Chapter 13 under which a modified secured claim may, as a narrow exception to the general rule, be satisfied by payments that are not completed within the life of the plan. The debtor purports to rely on the *McGregor*-sanctioned exception but fails to honor *McGregor*'s clear proviso that monthly payments be maintained in the amount called for by the note. *In re McGregor*, 172 B.R. at 721 ("The Debtor may nevertheless take advantage of [11 U.S.C. §] 1322(b)(5) by keeping the same 10.5% contract rate and making the same payments of principal and interest called for by the note during the life of the plan and during such further period of time as is necessary to have the total principal payments equal the amount of the secured claim as valued by this court. There would then be "maintenance of payments."). Where the modified secured claim would neither be paid within the term of the plan nor according to requirements of the narrow exception sanctioned in *McGregor*, the plan may not be confirmed.[2] For these reasons, a separate order will enter sustaining the trustee's objection to confirmation.

*[signature: Frank J Bailey]*

Date: November 29, 2010          _____
                                 Frank J. Bailey
                                 United States Bankruptcy Judge

---

[2] Because the plan does not conform to *McGregor*, the Court need not decide here whether it would follow *McGregor*.

3